McCauley, J.
This case presents two questions. First, was it necessary that the plaintiff should have alleged in his. petition that he received the injuries complained of without fault or negligence on his part, and second, was it error to admit the opinion of the witness Bradley on his re-examination that the condition of the street and railroad *380 track was dangerous. The general rule is that contributory-negligence is matter of defense. This is a rule of pleading as well as of evidence. It has been frequently held that where the evidence of the plaintiff raises a presumption of his negligence contributing to the injury, the burden is upon him to remove the presumption before he can recover. Railroad Co. v. Whitacre, 35 Ohio St., 627; Hays v. Gallagher, 72 Pa. St., 140; Robinson v. Gary, 28 Ohio St., 241.
If the plaintiff in the averments of his petition necessary to state his cause of action, by reason of his relation to the defendant as agent, employee or otherwise, suggests the implication of negligence on his part, that implication mu'st be negatived by an allegation that he was without fault. Railroad Co. v. Barber, 5 Ohio St., 541. But where the relation between the parties does not require of the plaintiff any duty toward the means from which the injury resulted beyond ordinary care to avoid injury, no sueh averment is necessary. Where nothing more than ordinary care is required that degree of care will be presumed.
In this case the plaintiff was passing along a street and had no relation with the defendant requiring him to observe more than that ordinary care that is at all times required to avoid injury. The averment, therefore, that he was without fault, would be an averment of that which would be presumed and was not necessary.
As to the other question that the witness Bradley in answer to a question by counsel for plaintiff, gave it as his .opinion that the street in a condition supposed to exist when the injury occurred, was dangerous. If this opinion had been given by the witness in his testimony in making the case of the plaintiff, it would have been improper and its admission would have- been error. But the opinion was given in re-examination after the defendant had asked the witness whether the street was dangerous in a condition which he claimed to have existed at the time of the injury, and the witness had answered that it was not. After the rvitness had thus ansAVered, counsel for plaintiff asked him Avhether or not the street Avas dangerous in a condition *381 claimed by the plaintiff at the time of the injury, to which he answered that in that condition it would be dangerous. The witness in his examination in chief had said -that if the street was in a dangerous condition, it should have been fenced up or guarded; but had not said whether it was dangerous or not, until he was asked by the defendant, and then only stated that in the condition supposed by the defendant it would not be dangerous.
After the defendant had gone beyond the proper limits of a cross-examination, and had called out an opinion of the witness favorable to his claims in the case, it was not error to permit the plaintiff to re-examine on the same matters. 1 Greenleafs Evidence, sec. 468; Clipper v. Logan, 18 Ohio, 375; Taylor v. Boggs, 20 Ohio St., 516.

Judgment affirmed.